No. 21,680.

R. W. KAYS and LAURA J. KAYS, *Appellants,* v. A. A. LITTLE et al. (H. V. FOSTER, *Appellee*).

SYLLABUS BY THE COURT.

OIL AND GAS LEASE—*Nonpayment of Rentals—No Fault of Lessee—Forfeiture and Cancellation Refused.* A judgment of a tral court refusing to cancel a gas and oil lease for failure to pay rentals at a stipulated time will not be reversed where the lessee remits the amount of the rental by registered letter so that it will reach the place of payment five days before the time provided for the payment, and the remittance fails to reach that place in time because of delay in the mails, and where, because of other and additional circumstances, it would be inequitable and unjust to cancel the lease.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed July 6, 1918. Affirmed.

*S. F. Wicker,* and *Gordon A. Badger,* both of Eureka, for the appellants.

*Howard J. Hodgson,* of Eureka, and *Burdette Blue,* of Bartlesville, Okla., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs seek to cancel a gas and oil lease given by them to defendant A. A. Little, and by him assigned to defendant H. V. Foster. Judgment was rendered in favor of defendant Foster, and the plaintiffs appeal.

On December 2, 1915, the plaintiffs, husband and wife, gave to defendant A. A. Little a gas and oil lease, running for ten years, on 80 acres of land in Greenwood county in consideration of $1, one-eighth of the oil produced, $100 for each well from which gas should be sold, and free gas for domestic use. The lease contained the following provision:

"Provided, a well is not commenced on said premises within one year from the date hereof, unavoidable accidents and delays excepted, then this grant shall become null and void unless second party shall pay to the said first parties a yearly rental of Eighty ($80) Dollars payable quarterly in advance for each quarter thereafter commencement is delayed, it is expressly agreed that payment of all moneys due under this lease may be made by cash or check to parties of the first part or be deposited to their credit in the Home National Bank of Eureka, Kansas."

Defendant Foster held other leases covering lands in the vicinity of that owned by the plaintiffs. That territory was undeveloped, so far as gas and oil were concerned, but defendant Foster was drilling a well about two miles southwest of the plaintiffs' land. On December 2, 1916, that well had been drilled to a depth of about 1,500 feet, at a cost to the defendant of approximately $15,000. On October 18, 1917, the well had been drilled to a depth of 2,600 feet, and, at the time of the trial, was producing oil which was being sold by defendant Foster. Paul Dahlgren was Foster's general agent at Bartlesville, and J. C. Gibson was Foster's agent at Eureka. Gibson looked after Foster's drilling operations in Greenwood county, and paid rentals on Foster's leases, as specifically

directed, when the money was sent to him. The rental due the plaintiffs was not paid until December 5, 1916. On November 27, 1916, Foster, through his agent, Dahlgren, by registered letter from Bartlesville, Okla., remitted to J. C. Gibson, at Eureka, a check for $20 with which to pay the rental under the lease. That registered letter should have reached Eureka on the following day. On account of being delayed in the mail, the check was not received by Gibson until December 5, 1916, although he called repeatedly at the post office at Eureka and inquired for his mail. On December 2, Dahlgren, not having received any word from Gibson, and not having received the returned registered-letter receipt, got into telephone communication with Gibson, and learned that the $20 had not been received by him. Dahlgren immediately, by mail, transmitted another check to Gibson for the same amount and for the same purpose. This check was also received on December 5, 1916. On that day Gibson tendered $20 to the plaintiffs through the Home National Bank of Eureka, but the payment was refused. This action was commenced shortly thereafter. The cause was tried without a jury; special findings of fact were made; and the court, in its conclusions of law, said—

"That a state of facts is presented which, in the interest of justice, requires that a court of equity should relieve against the forfeiture attempted to be enforced by the plaintiffs in this action."

The plaintiff attempted to enforce the forfeiture of Foster's rights under the lease, although Foster was diligent in doing what the lease required that he should do. He manifested no intention to abandon his rights under the lease, not even by neglecting to make any effort to pay the rental required until after the time fixed for that payment. He attempted to make those payments before the stipulated time. It was not through any act of his that the payment did not reach the plaintiff in ample time. Under the circumstances, it would have been inequitable to have granted the plaintiff the relief he asked. The court decreed that Foster had a "good, valid, and subsisting oil and gas lease" on the property in question, and rendered judgment against the plaintiffs for costs.

The judgment rendered was justified by the facts, and is affirmed.