No. 21,849.

E. W. DOORNBOS and EVA DOORNBOS, *Appellees*, v. D. S. WAR-
WICK et al., Trustees, *Appellants*.

SYLLABUS BY THE COURT.

GAS AND OIL LEASE—*Default of Lessees—Lease Forfeited.* Under the
facts pleaded in the answer, and under the terms of the gas and oil
lease, the material parts of which are set out in the opinion, it is
held that the plaintiff's demurrer to the answer was properly sus-
tained, and that the lease was subject to forfeiture for the failure
of the lessee to do those things that were necessary to be done to keep
the lease in operation.

Appeal from Butler district court; ALLISON T. AYRES,
judge. Opinion filed January 11, 1919. Affirmed.

*O. A. Keach*, of Wichita, for the appellants.

*H. W. Schumacher*, of El Dorado, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment
sustaining a demurrer to their answer to the plaintiffs' peti-
tion. The plaintiffs brought the action to cancel a gas and
oil lease given by them on July 1, 1916, to L. E. Conklin for
an expressed consideration of one dollar, but for an actual
consideration of $800. The lease was assigned to the defend-
ants for a consideration of $960. The validity of the judgment
sustaining the demurrer to the answer depends on the inter-
pretation of the lease, which, among other things, contains
the following provisions:

"That the lessors in consideration of the sum of one dollar ($1.00)
to cash in hand, well and truly paid by the lessee, receipt of which is
hereby acknowledged, do hereby grant, demise, lease and let, unto the
lessee his successors, and assigns, all of the oil and gas in and under
the following described tract of land, . . . . To have and to hold
the same for and during the term of five years from the date hereof,
and as much longer thereafter as oil or gas is found therein or said
premises developed or operated. . . . .

"If a well is not commenced on said premises within one year from
the date hereof, this lease shall become null and void, unless the lessee
shall pay or tender to the lessors a rental of one dollar per acre for
each additional one year such commencement is delayed from the time
above mentioned for the commencement of such well, until a well is

commenced on said land, such payment to be made semiannually in advance. It is expressly agreed that the right to so extend and continue this lease is fully paid for by the consideration above mentioned, and that the said payment or tender, when made, shall fully and completely extend this lease from time to time until a well is commenced. The drilling of a producing well on said premises shall operate as a full liquidation of all rentals due or payable under this provision during the remainder of the term of this lease.

"The completion of drilling operations which result in a dry hole or a well not producing oil or gas in paying quantities shall be in lieu of all rentals accruing from and after the date of commencement of said operations, for a period expiring one year after the termination of said operations, and this lease shall be in full force and effect for said time as fully as if said rentals had been paid or a producing well completed."

No well was drilled on the leased premises, and no payment of rental was made, although $80 was offered on July 11, 1917. The offer was refused by the plaintiffs, and this action was commenced three days later.

The lease provides that it shall become null and void if no well is commenced on the premises within one year, unless the lessee shall pay or tender rental of one dollar an acre, one-half of which must be paid before July 1, 1917. The defendants seek to avoid this provision of the lease by contending that they did not construe the lease as providing for the payment of rent in advance; that they never intended to abandon the lease; that they offered to pay the rent immediately upon their learning that the plaintiffs contended that it was due; that the lease provided that the right to extend and continue the lease was fully paid for by the consideration named therein; that time is not of the essence of the contract; that drilling a producing well on the premises would operate as a full liquidation of all rent; and that drilling a dry hole would operate in lieu of rent accruing from and after the date of commencement of drilling operations. The contentions of the defendants are without substantial foundation. The right to extend the lease depended on the payment of rent and was not a consequence flowing from the original consideration alone. The intention of the defendants was of no consequence. They should have paid rent at the time stipulated. Their offer to pay rent came too late; the lease was at that time null and void. If the defendants desired to continue the lease, they should have paid rent on or before July 1, 1917. If they wished to avoid paying

rent by drilling operations which would result in either a producing well or a dry hole, those operations should have been commenced before July 1, 1917. In other words, the lease compelled the defendants to either pay rent or commence drilling before July 1, 1917. They did neither, and as a result, the lease became null and void, and is subject to forfeiture.

The defendants rely on the principle that forfeitures are not favored by the law, and cite *Kays v. Little,* 103 Kan. 461, 175 Pac. 149. No equitable reason appears for not canceling the lease in the present action, and the circumstances here are different from those in *Kays v. Little.* The decision is that case does not apply under the facts in the present one.

The demurrer to the answer was properly sustained, and the judgment is affirmed.