No. 22,686.

MARTHA G. BALDWIN and JOHN P. BALDWIN, *Appellees,* v. THE BLUE STEM OIL COMPANY et al., *Appellants.*

SYLLABUS BY THE COURT.

1. GAS AND OIL LEASE—*Terminated in Three Years—No Extension.* A gas and oil lease which provides that it shall remain in force for three years from its date, and as long thereafter as gas or oil is produced from the land by the lessee, and which provides that the lease shall terminate if no well is completed on the land before one year from the date thereof, unless a year's rent is paid, which payment shall defer the completion of a well for twelve months, and which provides that upon like payments the completion of a well shall be deferred for like periods, terminates at the end of three years, and is not extended beyond that period by failure to drill a well on account of water failure, muddy roads, storms, sickness of employees, or inability to get casing as a result of the action of the government.

2. SAME—*Refusal to Set Aside Judgment—No Error.* It is not error to refuse to set aside a judgment and permit an amended answer to be filed where the application for such permission is not made until four months after the judgment has been rendered, and the facts sought to be shown by the proposed amendment were known to the defendants when the original answer was filed.

3. SAME—*Tender of Rent—No Extension of Lease.* Under the facts stated in the first paragraph of this syllabus, a tender of rent on the day before the expiration of the three years does not extend the lease.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed May 8, 1920. Affirmed.

*S. F. Wicker, Gordon A. Badger,* both of Eureka, *W. A. Ledbetter, H. L. Stewart,* and *R. R. Bell,* all of Oklahoma City, Okla., for the appellants.

*A. F. Sims,* of Howard, *Howard J. Hodgson,* and *Homer V. Gooing,* both of Eureka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs commenced this action to cancel oil and gas leases given by them to W. S. Thomson, on certain property in Greenwood county. Judgment was rendered in favor of the plaintiffs on their motion for judgment on the pleadings, and the defendants appeal.

Baldwin v. Oil Co.

The questions argued are that the court committed error in sustaining the plaintiffs' motion for judgment on the pleadings, in rendering judgment cancelling the leases, and in refusing the motion of the defendants to set aside the judgment and permit them to amend their answer.

The defendants became the owners of the leases by regular assignments from W. S. Thomson. Two leases were given, each identical with the other except in the description of the property leased. Each lease was dated January 17, 1916, and contained the following provisions:

"It is agreed that this lease shall remain in force for a term of three years from this date, and as long thereafter as oil or gas, or either of them, is produced from said land by lessee. . . . If no well is completed on said land on or before the 17th day of January, 1917, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the First National Bank at Eureka, Kansas, or its successors, which shall continue as the depositor regardless of changes in the ownership of said land, the sum of Three Hundred Eighty and no-100 dollars, which shall operate as a rental and cover the privilege of deferring the completion of a well for twelve months, from said date. In like manner and upon like payments or tenders the completion of a well may be further deferred for like periods of the same number of months successively. And it is understood and agreed that the consideration first receipted herein, the down payment, covers not only the privileges granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred."

No well had been completed under either lease on January 17, 1919, and none was commenced until about December 7, 1918. The answer alleged as excuses for not commencing to drill before the 7th day of December, 1918, that it was necessary to have an adequate supply of water to furnish power for running the machinery; that the defendants were dependent on water from rainfall that collected in ponds and creeks in the vicinity of the lands described; that until November 7, 1918, rain did not fall in a quantity sufficient to supply water for drilling; that they immediately thereafter began preparations for drilling a well, but on account of excessive rainfall the roads became muddy so that fuel for the engine and casing for the well could not be transported over the public roads; that a blizzard intervened which prevented the defendants

from carrying on their work; and that their employees became sick and were compelled to cease work and thereby interfered with the drilling of the well. The answer also alleged that it was impossible for them to obtain coal and casing on account of the action of the United States government in taking charge of coal supplies, in promulgating rules and regulations governing the use of coal for drilling purposes in the vicinity of these lands from about December, 1917, to May, 1918, in taking charge of all casing, and in prohibiting the purchase, sale and use of casing in drilling wells in territory not proven, which included these lands.

1. The principal question argued by the defendants is that on account of the excuses given by them, the leases should not be forfeited by reason of the failure to complete a well before January 17, 1919. The leases provided that they should remain in force for three years from their date, and that they should terminate in one year if no well was completed within that year; they also provided for an extension of the terms of the leases for another year, and still another year, by the payment of the rental named therein; but the leases terminated absolutely at the end of three years from their date, unless a well was drilled producing oil or gas. The leases did not contemplate that any circumstance or condition should excuse the lessee from performing the conditions of the leases on his part. By their terms ample time was given in which to drill a well. The lessee was compelled to take notice of the climatic conditions and of the topography of the country in the vicinity of the lands; he was likewise compelled to take notice of the powers of the government over coal and iron industries. The lessee with knowledge of these things contracted positively that he would do certain work within a certain time, and that after that time his rights in the premises should cease, unless gas or oil should be produced from the land by the lessee. Neither was produced.

This is not an action for a breach of a contract where excuses for its nonperformance might be pleaded. It is an action to cancel leases that by their terms had expired on account of the lessee's nonperformance of their conditions. By paying the rent provided for in the leases, the lessee could neglect to drill until the leases expired, but the lessee, if he failed to produce

oil or gas from the lands, could not, by paying rent, extend the leases one day beyond the time fixed for their expiration, nor could excuses for nonperformance extend the leases beyond that time. *Doornbos v. Warwick*, 104 Kan. 102, 177 Pac. 527, supports this conclusion.

The defendants cite *Kays v. Little*, 103 Kan. 461, 175 Pac. 149. That action was to cancel a ten-year lease because the rent due at the end of the first year did not reach the lessor on time on account of delay in the mails. The court refused to cancel the lease. In the present case the leases had expired and the lessee is attempting to extend their duration. *Kays v. Little* is not in point.

2. During the term at which the judgment was rendered, the defendants moved that the judgment be set aside and that they be permitted to amend their answer by alleging:

"That during the spring of 1918, the exact date of which the defendants are unable to give, but before drilling was actually commenced on said lands, the defendants informed the plaintiffs that they were contemplating drilling on the lands covered by said lease, but that the time was getting short, and that unless the defendants were assured that the lease would be extended so that they could complete the well, in case they were prevented from completing it within the time fixed by the lease, because of misfortune of unforeseen delays, they would not drill thereon, and thereupon the plaintiffs informed the defendants, that they did not care to enter into a formal contract to extend the lease, but that if the defendants should be prevented from completing said well by the 17th day of January, 1919, that the plaintiffs would make such concessions to the defendants as would permit them to finish said well, and be fully protected in their investment, and the defendants relied on said statements, and relying thereon went into possession under said lease and expended a large sum of money as aforesaid, and by reason of said facts the plaintiffs are now estopped from maintaining this action."

In the motion the defendants said:

"As grounds for said motion, the defendants allege and say that through an oversight, the attorneys who drew the answer for said defendants, were not informed of the facts set out above, and as a result said facts were not incorporated in said answer, and the defendants did not discover that said allegations were not in said answer until after the court had rendered judgment in said cause."

The motion was denied, and the defendants urge that the court thereby committed error. The facts which the defendants desired to set up in an amended answer were known to them at the time their original answer was filed. They should

have communicated their whole defense to their attorneys. Judgment was rendered on May 28, 1919, but the motion to set aside the judgment was not filed until October 4, 1919. It was overruled on October 9, 1919. The defendants were not diligent in undertaking to have the judgment set aside. Permission to amend the answer before judgment was rendered or before trial was within sound discretion of the court and could have been granted or refused without error. After judgment and after a delay of four months there was no error in refusing to set aside the judgment and permit the defendants to amend their answer.

3. The defendants pleaded a tender of $860 on the 16th day of January, 1919, as rental under the leases, which tender was refused by the plaintiffs. The effect of that tender was within the issues presented by the pleadings and may have been considered by the trial court, but is not argued in this court. The parties probably rightly construed the contract as terminating on the 17th day of January, 1919, and probably understood that the tender did not have the effect of extending the lease for another year. This question would not be noticed but for the fact that it was presented to the trial court by the motion for judgment on the pleadings. The tender did not extend the leases beyond January 17, 1919.

No error appears, and the judgment is affirmed.