No. 22,864.

W. H. MATTHEWS, *Appellee and Appellant*, W. L. MATTHEWS, R. B. HAMMOND, and W. J. LUCAS, *Appellees*, v. T. C. JOHN- SON, *Appellant and Appellee*.

### SYLLABUS BY THE COURT.

1. OIL AND GAS LEASE—*Joint Enterprise—No Partnership Created.* Un- der the evidence it is held that the joint enterprise in which the parties herein were engaged did not constitute a partnership.

2. CONTRACT—*Developing Oil and Gas Lease—Breach of Contract—Lease Forfeited.* The evidence is deemed sufficient to support the conten- tion that the plaintiffs were entitled to have the rights of the defend- ant in an oil and gas contract adjudged to be forfeited because of the noncompliance of the defendant with the terms of the contract.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed June 5, 1920. Modified and affirmed.

*Jean Madalene,* of Wichita, for the appellant and appellee T. C. Johnson.

*Robert C. Foulston, J. N. Haymaker, A. V. Roberts,* and *R. E. Angle,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action involves the right of the parties in an oil and gas lease as affected by a drilling con- tract executed by plaintiffs to the defendant. The parties, five in number, obtained a lease on September 23, 1916, which was to run for a period of four years, and it provided if oil and gas was not produced in paying quantities within the term, it should expire and thereafter should be of no force and effect. Each of the parties had a share in the lease of different pro- portions. In order to develop the property, the plaintiffs, four in number, entered into a drilling contract with Johnson, the fifth member of the party, on March 31, 1919, and it provided that the defendant should take possession of the property and drill oil and gas wells on it. It stipulated that he should com- mence operations on or before May 1, 1919, and that the pay- ment for and erection of a derrick should be deemed the com- mencement of operations. It was further provided that de-

fendant would begin drilling operations on or before June 1, 1919, and failing in this he was to forfeit the derrick erected on the premises. There was a further provision that he was to deliver to the plaintiffs one-eighth of the oil produced, and further that upon the completion of the first well the drilling of a second should be commenced within sixty days thereafter, and that the drilling should be continued in like manner until eight wells had been drilled, and that his failure to drill wells as stipulated should be deemed an abandonment of the contract by him except as to that part of the land on which producing wells had been drilled. The defendant did not pay for and erect a drilling derrick upon the property on May 1, 1919, as stipulated, but he did obtain material for a derrick and placed it on the premises about May 26, 1919. A derrick had not been erected nor had drilling operations begun on June 1, 1919, as the contract provided, and no drilling had been done on November 8, 1919, when this action was commenced. .

The plaintiffs asked for the appointment of a receiver as a means of protecting the interests of the several parties in the lease, and also for the forfeiture of the defendant's interests under the drilling contract. The court found and adjudged that the plaintiffs, other than W. H. Matthews, were entitled to a forfeiture of the drilling contract, including the derrick on the premises, and as to Matthews it was held that the contract should remain in full force and effect. A stipulation of the parties was made, providing for the operation of the lease during the progress of the litigation, but it was agreed that it should not prejudice the rights of any of the parties nor affect the determination of the questions at issue upon the pleadings.

It is conceded by the defendant that he failed to comply with the conditions of the drilling contract, but he contends that there was a sufficient excuse for his delay, and that no good grounds for adjudging a forfeiture existed. One excuse is that on May 29, 1919, W. H. Matthews agreed to extend the time for beginning drilling operations until July 15, 1919. It appears that W. H. Matthews did sign such an agreement, but it is clear that he acted only for himself and had no agency or authority to represent or bind the other plaintiffs. This was recognized by the defendant, who requested Matthews to pro-

cure the consent and signatures of the other plaintiffs to the extension agreement. They refused to consent to an extension and declined to sign the agreement. Whatever effect it may have had on Matthews who did sign the incomplete agreement, it did not affect the rights of those who refused to sign it. The court correctly held that there was no partnership relation between the parties, and that the consent of Matthews had no binding effect upon the other plaintiffs. There were good grounds for the forfeiture. The derrick was not erected in compliance with the agreement, and drilling operations were not begun at the time stipulated. The life of the oil and gas lease was of short duration, expiring by its terms in September, 1920, and therefore time was an important element of the drilling and development contract. There was no such laches or delay on the part of plaintiffs in asserting a forfeiture as will deprive them of the right to insist on a cancellation of the drilling contract, and the clearing of the way so that development of the lease may promptly proceed. While forfeitures are not favored, the plaintiffs were clearly entitled to the relief that was awarded. (*Doornbos v. Warwick,* 104 Kan. 102, 177 Pac. 527.)

There is nothing substantial in the excuses of the defendant to the effect that suits of forfeiture were threatened, nor in the claim that the point at which a well was to be drilled had not been fixed by agreement.

W. H. Matthews complains of the ruling refusing a forfeiture as to him. He contends that the extension agreement which he signed and by reason of which he was denied relief, was not binding upon any of the parties because all of them did not join in its execution, and according to defendant's testimony, he too regarded the consent and signatures of the other parties to be necessary to an effectual agreement. Assuming, however, that it was binding upon W. H. Matthews, it appears that he only consented to an extension of forty-five days, which would carry it up to July 15, 1919. Defendant, however, did not commence operations at that time, nor was any drilling done by him up until the commencement of the action. We therefore think that equity required the forfeiture and cancellation of the drilling contract as to W. H. Matthews as well as the other plaintiffs. The judgment will be modified to that extent, and when so modified, is affirmed.