No. 22,757.

SUSAN GASAWAY and THOMAS GASAWAY, *Appellees,* v. R. F.
TEICHGRAEBER, *Appellant.*

SYLLABUS BY THE COURT.

OIL AND GAS LEASE—*Default of Lessees—Cancellation of Lease.* Under
the facts shown, it was not error to decree cancellation of the oil and
gas lease involved. (*Doornbos v. Warwick,* 104 Kan. 102, 177 Pac.
527.)

Appeal from Greenwood district court; ALLISON T. AYRES,
judge. Opinion filed July 10, 1920. Affirmed.

*R. M. Hamer,* and *H. E. Ganse,* both of Emporia, for the
appellant.

*S. F. Wicker,* and *Gordon A. Badger,* both of Eureka, for the
appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiffs made a gas and oil lease to the
assignor of the defendant, providing among other things that
unless a well was begun within six months the rental of a dol-
lar an acre should be paid in advance or the lease should be-
come void. No well was begun and the rental was due on April
17. Under the lease this might be paid direct to the plaintiff,
Susan Gasaway, or deposited to her credit in the Virgil State
Bank. On the 17th of April, 1919, the defendant mailed a
check to the Virgil State Bank for the proper amount, payable
to its order, a notation thereon indicating that it was the
rental on the land covered by the lease of seventy acres to April
17, 1920. This check was not received by the bank until the
morning of April 18. The bank was unable to determine to
whose credit the check should be placed and telegraphed the
defendant, and it was not in fact placed to the plaintiff's credit
until April 19th. The only way for mail to come from Emporia
to Virgil was on the train leaving about seven o'clock each day.
From a remark in one of the briefs it would seem that this
train goes at seven a. m.

The court rendered judgment for the plaintiffs, canceling the

lease and allowing them $100 damages and $75 attorneys' fees. The defendant appeals, claiming that the judgment is not supported by the facts, and that the latter do not show the plaintiffs to be entitled to cancellation. Of course, the damages and attorneys' fees arise from the defendant's failure to cancel when the demand was made to do so, and the real question is whether or not the court erred in ordering cancellation.

While forfeitures are abhorred by the law, this is not strictly a forfeiture, but a mere holding of a party to the contract it has made. There was no need of delaying the payment, and the failure to remit in time was not chargeable to the plaintiffs, and the delay left the defendant in the attitude of calling on the plaintiffs to make or recognize a different contract from the one the parties had voluntarily made. No equitable feature arises by way of money expended, as in *Kays v. Little*, 103 Kan. 461, 175 Pac. 149, but the circumstances are very similar to those involved in *Doornbos v. Warwick*, 104 Kan. 102, 177 Pac. 527.

The trial court decreed cancellation, and it cannot be said that this ruling was an abuse of discretion or otherwise erroneous.

The judgment is affirmed.