No. 22,962.

EDWIN D. HARTER and BESSIE M. HARTER, *Appellees*, v. C. T. EDWARDS et al., *Appellants*.

### SYLLABUS BY THE COURT.

OIL AND GAS LEASE—*Default in Payment of Rentals—Forfeiture—Cancellation.* In an oil and gas lease given for a term of years it was provided that if a well was not commenced within a year, the lease should terminate unless the lessee within that period paid a stipulated rental by check mailed with postage prepaid at or to a certain bank for the lessor's credit, and the bank was made the agent of the lessor to accept the rental. At the expiration of a year no well had been commenced and when the lessor made inquiry at the bank he was informed that the rental had not been paid or placed to his credit. The lessor brought action to cancel the lease and to obviate the effect of nonpayment, one of the lessees who had a checking account in the bank offered testimony to the effect that he had told the cashier of the bank that if the rental was not paid by the company he wanted to pay it out of his account. The lessor had no knowledge of the statement and gave no assent to the arrangement. No check was given upon the lessee's account nor were any of his funds set apart to pay the rental. *Held,* that the statement and arrangement did not constitute a payment of the rental nor prevent the forfeiture of the lessee's rights under the lease for nonpayment.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed February 12, 1921. Affirmed.

*R. L. Holmes, Charles G. Yankey, W. E. Holmes,* and *D. W. Eaton,* all of Wichita, for the appellants.

*W. H. Carpenter, W. R. Carpenter,* and *John E. Wheeler,* all of Marion, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiffs brought an action against the defendants asking for the cancellation of an oil and gas lease and a judgment that the defendants had no right, title or interest in the leased premises. Judgment was given for plaintiffs and defendants have taken an appeal.

On September 3, 1918, plaintiffs executed an ordinary oil and gas lease to Dan W. Clawson, on a tract of land which they occupied as their homestead. It was given for a term of five years and as much longer as either oil or gas should be produced in paying quantities, and contained a provision that—

"If no well is commenced on said land on or before September 3d, 1919, this lease shall terminate as to both parties unless the lessee on or before that date shall pay or tender the lessor the sum of eighty ($80) dollars in the manner hereinafter provided."

It was provided that annual payments of that amount would operate to defer the commencement of a well during the term of the lease. There was a further provision that—

"All rentals due hereunder shall be paid by lessee's check mailed, postage prepaid, to lessor at or to the Exchange State Bank of Burns, Kan., for lessor's credit on or before the date any such rental shall become payable; said bank, by a power irrevocable, is hereby made the agent of the lessor to accept all rentals paid hereunder, and the same shall continue as the depositary of such rentals during the life of this lease regardless of changes in the ownership of said land or said rentals."

By assignments, the defendants Edwards, Giddings, and Kehr became joint owners of the lease with Clawson, and in March, 1919, they in turn assigned their interest in it to H. H. Patton, trustee, who was representing and holding the property for the Cassoday Oil Company. In this assignment Patton, trustee, assumed all the obligations of the lessee as stipulated in the original lease. At the expiration of the first year no well had been drilled or commenced and no rental had been paid. On September 4, 1919, plaintiff Harter went to the Ex-

change State Bank of Burns and inquired if the rental had been paid or placed to his credit in the bank and was informed by the cashier that no such payment or deposit had been made. Subsequent inquiries in the following days elicited the same response. Under the terms of the lease the failure to commence a well or pay the specified rental within the prescribed time effectually terminated the rights of the lessees. It is contended, however, that this result was averted by reason of the fact that Edwards, one of the defendants, had money on deposit in the bank and that he had previously remarked to the cashier of the bank that in case the Cassoday Oil Company did not pay the rent he desired to pay it, and wanted it paid out of his account. However, no money was appropriated or set apart for rental. That which Edwards had at the bank was in a general deposit subject to check at any time, and the cashier of the bank testified that, notwithstanding the statement which had been made by Edwards, all of the money would have been paid on his check at any time. Under the circumstances the bank did not become the debtor of the plaintiffs nor can the deposit be regarded as a payment, first, because the money had not been appropriated or set aside for the payment of the rental, and second, the plaintiffs had no knowledge of nor had they given their assent to the arrangement claimed to have been made between Edwards and the bank. (*Brockmeyer v. National Bank*, 40 Kan. 376, 19 Pac. 855). It is contended that under the terms of the lease the bank was the agent of the plaintiffs, and the deposit in the bank by Edwards with a statement that he desired the rental paid was in fact a payment of the rental. As between the plaintiffs and the bank the extent of its agency was to accept the rental which as we have seen was to be paid by the lessee's check mailed, postage prepaid, to the lessor at or to the bank to the lessor's credit. No check was given nor any money placed to the credit of the plaintiffs, nor has the rental ever been tendered to the plaintiffs. If the defendants or one of them had deposited the money in the bank to the credit of the plaintiffs within the prescribed time, it would have constituted a payment, as the cases cited by defendants establish. But the deposit of Edwards was always subject to be drawn out on his check or to be taken by garnishment or other process

for his indebtedness. Again there is a dispute as to whether Edwards in fact directed the bank to pay the rental. The cashier testified first, that Edwards told him about the assignment of the lease and stated that if Patton did not pay the rent he wanted to pay it himself, and that was about all that was said by Edwards. Testifying further he stated that if Patton did not pay the rental Edwards wanted the bank to pay it out of his account. Further along he admitted that he had never had any instructions to pay the rental out of Edwards's account and that if he had had such instructions he would have transferred the amount from Edwards's account and credited it to the plaintiffs.

The general finding of the court resolves the dispute in the testimony in favor of the plaintiffs. The testimony tends to show that the nonpayment was in fact due to an oversight of Patton or the oil company, and not that provision had been made for payment by an appropriation of the amount out of Edwards's general checking account. When Edwards learned of the nonpayment it appears that he called up Patton who was greatly surprised to learn that the rent had become due and he informed Edwards that it was an oversight on his part and advised that he go and tender the rental and thus try and avoid a forfeiture. There is some reason to infer that it was an oversight on the part of all of the defendants because when Edwards was asked why a forfeiture had not occurred under the circumstances, he replied, "I'm going to claim now that I had the money in the bank to pay the rent." In any view the payment of the rental was not tendered or made and nothing in Edwards's statement to the cashier of the bank can be regarded as the equivalent of payment. A mere intention to pay or a statement of his desire to pay does not meet the requirements of the lease. Payment within the prescribed time was essential to the life of the lease. The contract prescribed the terms which kept it alive and fixed the conditions which terminated it. These conditions of the contract were not observed by the defendants and they have no right to complain of the action of the plaintiffs in demanding that the contract be enforced as it was written. (*Doornbos v. Warwick,* 104 Kan. 102, 177 Pac. 527; *Gasaway v. Teichgraeber,* 107 Kan. 340, 191 Pac. 282).

The judgment is affirmed.