No. 25,703.

ROBERT F. YOUNG et al., *Appellants,* v. J. MONCRIEF, HAROLD W. HERRICK, J. R. MUNCE, J. R. MUNCE, Trustee, and THE ARKANSAS FUEL OIL COMPANY, *Appellees.*

SYLLABUS BY THE COURT.

OIL AND GAS LEASE—*Nonpayment of Rentals—Miscarriage of Bank Check— Forfeiture and Cancellation Refused.* The lessee was required by an oil and gas lease to deposit an annual sum as a substitute for beginning drilling operations. He deposited in the government mail a check to the bank named as depository in abundant time, but it was never delivered. As soon as he learned of the check having miscarried—a matter of some two months—he sent another. He had spent considerable sums in developing neighboring tracts on which he held leases. It is held, under the rule applied in *Kays v. Little,* 103 Kan. 461, 175 Pac. 149, that cancellation of the lease on account of the default was rightly refused.

Appeal from Elk district court; GEORGE J. BENSON, judge. Opinion filed February 7, 1925. Affirmed.

*A. F. Sims,* of Howard, for the appellants.

*Clifford Sullivan,* of Howard, and *Harold W. Herrick,* of Winfield, for the appellees.

The opinion of the court was delivered by

MASON, J.: Robert F. Young and his wife brought this action, asking the cancellation of an oil and gas lease given by them on December 7, 1920, owners of which were represented by the Arkansas Fuel Oil Company. Judgment for the defendants was rendered on the pleadings, and the plaintiffs appeal.

By its terms the lease was to end December 7, 1921, if a well were not begun, unless the lessee should by that time pay to the plaintiffs, or to their credit in the Howard National Bank, of Howard, Kan.,

$160, which should operate as a rental and cover the privilege of deferring the commencement of a well for twelve months, like payments annually to have a like effect. No well has been begun on the tract covered by this lease, although at a cost of some $80,000 the defendants have drilled five test wells on tracts which they speak of as in the same block of acreage, four of which are producing gas wells. The plaintiffs' claim of cancellation is based upon the failure of the defendants to make the $160 payment due December 7, 1922. The defendants concede the nonpayment, but set out facts which they rely upon as showing such a good-faith effort to pay as to justify the court refusing to cancel the lease. The answer contains this language, to which no denial was made:

"Defendants, further answering, say that on the 21st day of November, 1922, the defendant, Arkansas Fuel Oil Company, mailed from its office at Pittsburgh, Pennsylvania, properly inclosed in an envelope, postage prepaid, with return card printed on the same, and properly addressed to the Howard National Bank, Howard, Kansas, a check in the sum of one hundred sixty ($160) dollars for deposit in said Howard National Bank of Howard, Kansas, to the credit of the plaintiff, Robert F. Young, in payment of the rentals due December 7, 1922, and which the plaintiffs allege in their petition was not tendered and paid in accordance with the terms of said lease; that in due course of mail such envelope and letter containing said check should have arrived in Howard, Kansas, not later than November 24, 1922, but which check was never received by said bank. That said rentals under said lease were not due until the 7th day of December, 1922, and that said check was mailed in sufficient time to have reached Howard, Kansas, before the 7th day of December, 1922, and that defendants had every reason to believe that said check had reached its destination, as said letter, with check enclosed and return card printed on the same, was never returned to the sender; and the first information that defendants had that said bank claimed the check had not reached it was on or about February 16, 1923, after the defendants received notice that the plaintiffs intended to declare forfeiture of said lease, and after they had wired their office at Eureka, Kansas, of the notice they had received, and informed the Eureka office that check mailed on November 21, and for the Eureka office to ascertain from said Howard National Bank whether or not they were holding rental, and why. And immediately thereafter a duplicate check in the sum of one hundred sixty ($160) dollars was sent and deposited in the Howard National Bank for the credit of the plaintiffs.

"Further answering, these defendants say, as already set forth, it was their purpose and intention to pay said rentals in strict conformity to the provisions of said lease. . . . That there was no change of any kind or character in the condition of the parties as a result of said accident and delay in the depositing of said rentals; that there was nothing which in any way affected the value of the lease involved herein, or which in any way preju-

diced the title or statuts of the plaintiffs in reference to the subject matter of this suit."

The cancellation of a lease of the character here involved for a failure to make the annual payment is doubtless not as abhorrent to equity as an ordinary forfeiture. (*Gasaway v. Teichgraeber*, 107 Kan. 340, 191 Pac. 282.) This court has held, however, that cancellation may be refused in such a situation as that here presented, where the default is unintentional and excusable and the lessee had expended considerable sums in developing tracts in the vicinity. (*Kays v. Little*, 103 Kan. 461, 175 Pac. 149.) In the case just cited the payment was due at Eureka December 2. A check was mailed at Bartlesville, Okla., on November 27, in abundant time, according to the usual course of business, but for some unexplained reason did not arrive until December 5. The principal difference between that case and this is that here the check, which was sent in ample time, never did reach its destination. It seems strange that the company should not have learned of the miscarriage of the letter for some two months, but inasmuch as it did not, no intentional fault can be charged to it, and the ruling of the trial court is affirmed, as falling within the principle of the Kays-Little case. Cases in which cancellation has been ordered are readily distinguishable. In one the delay was but for a single day, or perhaps two days, but the lessee did not attempt to make the payment within the prescribed time. (*Gasaway v. Teichgraeber*, supra.) In another the delay was for ten days, and the only excuse offered was that the lessees did not construe the lease as requiring payment in advance. (*Doornbos v. Warwick*, 104 Kan. 102, 177 Pac. 527.) In an earlier case the treasurer of the lessee company was the cashier of the bank in which a deposit was to be made to the credit of the lessor. A check was drawn payable to the lessor and was in the hands of the treasurer-cashier, but it was never in fact credited to the payee, and although he called on the bank three or four times within the two weeks following the maturity of the payment and had his balance stated, he was not given any information of its existence. (*Chapple v. Brick Co.*, 70 Kan. 723, 79 Pac. 666.)

The suggestion is made by the plaintiffs that the answer fails to show who drew the check, or upon what bank it was drawn, or whether there were funds on deposit to meet it. In the absence of a motion to make the language of the pleading more definite in that regard, it must be presumed that it was a sufficient check for

the purpose intended. It is likewise suggested, but we think without sufficient basis, that the allegation that the check was mailed does not imply that it reached the custody of the government service.

The plaintiffs complain of the overruling of their motion to strike from the answer matter relating to the development by the defendants of neighboring tracts forming a part of the block handled by them. Inasmuch as the allegations of the answer which are not denied are held to state a defense, the presence of immaterial matter could not well be prejudicial; but the work done by the defendants in developing tracts in the vicinity has some bearing upon the equities of the case.

The judgment is affirmed.