No. 39,407

W. H. MORTON and GRACE MORTON, *Appellees*, v. JOE SUTCLIFFE (*Appellant*), I. R. NESS and VIOLET NESS, *Defendants, Appellant.*

(266 P. 2d 734)

Opinion filed February 16, 1954.

*George W. Donaldson*, of Chanute, argued the cause and was on the briefs for the appellant.

*Rex A. Lafferty*, of Fredonia, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to cancel an oil and gas lease. Judgment was entered canceling it. The defendants have appealed.

After identifying the parties, the petition alleged that plaintiffs were the owners of a described quarter section of land and on April 22, 1949, they, as lessors, entered into a written lease with

defendant Sutcliffe and one Parr for the express purpose of lessees drilling for and producing oil and gas. A copy of the lease was attached.

The petition then set out a paragraph from it as follows:

"The minimum payment under this lease shall be One Hundred Sixty ($160.00) Dollars per year payable in advance. In any year when lessees fail to pay the above minimum, this lease shall thereupon cease to be of any force or effect between the parties hereto or their successors or assigns. Accrued royalties during the year shall be credited on the minimum payment."

The petition then alleged defendants had not developed the lease and failed, refused and neglected to make the required payment of $160 due on or before April 22, 1953; that by reason of the default of defendants, plaintiffs were entitled to have the lease declared of no force. The petition then alleged service of a written demand on defendants Sutcliffe and Parr and that about the second week in May, 1953, plaintiff Morton made an oral demand on Sutcliffe for release of the lease and a refusal to release on the part of both defendants. The petition then alleged there were other individuals engaged in oil drilling ready and willing to develop the lease since the date it expired on April 22, 1953, but they had been prevented from doing so by defendants' failure to release the lease.

Damages were prayed in the amount of $1,100 and a reasonable attorney fee, and that the lease be canceled.

The answer of defendant Sutcliffe first admitted the execution of the lease and the demand pleaded. The answer next alleged he was the owner of the lease and denied that it had been forfeited and alleged he was entitled to all the rights thereunto pertaining. The answer further alleged that on April 28, 1953, Sutcliffe deposited in a bank to the credit of plaintiff $160, which deposit was refused by the bank by order of plaintiff, and ever since that date Sutcliffe had been ready, willing and able to pay the rental and so advised the attorney of plaintiffs. A like sum was tendered into court as payment for the lease. The answer further alleged the lease did not provide that time should be of the essence of the agreement and in the course of dealing between the parties they had never considered time of the essence; that although the lease bore the date of April 22, 1949, the rental for the first year was not paid until the following day and rentals for subsequent years were paid later than the annual date and had been accepted by plaintiff.

The prayer was that relief prayed for be denied.

The reply was a general denial.

After referring to formal matters, the trial court found generally in favor of plaintiffs and against defendants and further found as follows:

"The court finds that the lease in question required an advanced rental payment of $160.00 to be made on or before the 22nd day of April, 1953, which payment was not made by the defendant, Joe Sutcliffe, and the acts of said defendant indicated his intention to abandon the lease and that the late tender of payment would not serve to restore any rights of the defendant, Joe Sutcliffe, and no equities appear to the court which warranted extension of the lease."

The court found that plaintiffs were entitled to $100 statutory damages, a reasonable sum of $200 to apply toward the payment of attorney's fee, plus the costs. It was ordered that the lease in question expired for nonpayment of the rentals and was declared canceled and of no force and effect.

The trial court made a memorandum having some features of findings of fact; that the lease definitely provided for all rentals to be paid in advance and that royalties accrued during the year should be credited on the rental payment of $160; that some payments had been made later than provided in the lease, but the evidence showed the payment was sent prior to the date due and the owner of the lease made a mistake in the amount and the check was returned to him and a check for the correct amount sent; that no action was taken by Sutcliffe subsequent to 1952 and no payment was made or attempted to be made by Sutcliffe until the demand for release on April 27, 1953. The court stated:

"There is no question when the rental should be paid in the instant case, and that was in advance, and the evidence fails to disclose that the defendant Sutcliffe had attempted within the time provided in said lease to pay the rental or see that the rental was paid.

"There is no uncertainty in the terms of the lease and the evidence fails to show such conduct on the part of the lessee and assignees as to manifest an intention to comply with the terms of said lease within the time provided in said lease, and the evidence fails to disclose any fact or circumstance that would excuse the lessee or assignee from complying with the terms of said lease.

"The court finds that the claim for damages in the sum of $1000.00 on the part of plaintiff has been abandoned on the part of said plaintiff."

Defendants filed a motion for a new trial on the grounds of erroneous ruling of the court; because of evidence improperly received over the objection of defendants; because the judgment was unsupported by the evidence and the law and was contrary to the law, this motion was overruled.

Defendant Sutcliffe appealed from the decree order and judg-

ment canceling the lease in question and adjudging him to pay $100 damages, $200 attorney fees and from the costs of the action and from the order overruling his motion for a new trial.

The specifications of error are that the court erred in misconstruing and misinterpreting the lease in question; and in determining the lease in question had been forfeited; in entering a decree canceling the lease; in admitting incompetent evidence over the objection of defendant; and in overruling defendant's motion for a new trial.

The defendant Sutcliffe points out that nowhere in the lease did it provide that time was of the essence. He argues that since the lease was prepared by the lessor it should not where there is ambiguity be strictly construed against the lessee. He points out the last sentence in the paragraph of the lease already quoted in this opinion as follows:

"Accrued royalties during the year shall be credited on the minimum payment."

He argues with such a provision the rent could not have been paid on the date specified since there would of necessity have to be an accounting. From this he argues a fair interpretation of the language used in the lease is that the rental was to be paid within a reasonable time after the beginning of the year. The authorities he cites to sustain this argument are those where there were equitable considerations.

We have never held in the absence of equitable considerations that we would write a contract for parties different from the one they entered into. No equity considerations are urged on us here. There is no ambiguity in the lease. It provides at the outset the payment of $160 payable in advance. We all know the meaning of payment in advance is payment at the start of the term. Then comes the provision:

"In any year when lessees fail to pay the above minimum, this lease shall thereupon cease to be of any force or effect between the parties hereto or their successors or assigns."

It would be difficult to draw a clearer provision that the lease should cease to be in effect when lessees should not pay the rental on the date when due.

Defendant places great stress on the fact that the lease does not provide that time shall be of the essence. It is not necessary that the contract should provide in so many words that time shall be of

the essence. We shall look into the intention of the parties. (See *Railroad Co. v. Scott County*, 82 Kan. 795, 109 Pac. 684; also, *Kirk v. First National Bank*, 132 Kan. 404, 295 Pac. 703.) Defendant cites and relies on cases where we have refused to order a forfeiture, but they are cases where the leases were on the regular form and involved the drilling and delay rental provisions always contained therein. This is a typewritten lease and did not have those provisions. The only provision for forfeiture was in the clause already quoted. The situation with which we are dealing is best dealt with by us in *Gasaway v. Teichgraeber*, 107 Kan. 340, 191 Pac. 282. In that case the rent was due on April 17. The lessee mailed the check to the depository bank on that date. The bank was unable to determine to whose credit the check should be credited and wired the lessee and the money was not deposited to lessor's credit until April 19. We canceled the lease. In doing so we said:

"While forfeitures are abhorred by the law, this is not strictly a forfeiture, but a mere holding of a party to the contract it has made. There was no need of delaying the payment, and the failure to remit in time was not chargeable to the plaintiffs, and the delay left the defendant in the attitude of calling on the plaintiffs to make or recognize a different contract from the one the parties had voluntarily made."

See, also, *Harter v. Edwards*, 108 Kan. 346, 195 Pac. 607.

Hence we are merely holding defendants to the contract they made.

One of the defenses offered was that the parties had put their own interpretation on this lease that the lessee might pay this rental on a later day than that named in the lease. They base this on the fact that the rent was not paid in 1950 until April 27, some five days after it was due. The check by which the rental was paid for that year was offered in evidence and it bore the date of April 27. To meet this bit of evidence the plaintiffs proved that in 1950 the check when first received on the date set in the lease was for $1.60 instead of $160. The lessee called the lessor's attention to this and a few days later a check for a correct amount was sent. This was clearly an inadvertence, not indicative of any intention whatever on the part of lessor. Defendants argue this evidence was incompetent and it was error for the trial court to admit it. This argument is not good. As already noted, this evidence simply proved the transaction to have been an inadvertence. The ques-

704

tion was whether the parties intended to be bound by the fact this check was sent and accepted at a date later than that provided in the lease.

The judgment of the trial court is affirmed.

WEDELL, J., not sitting.