(96 South. 534)

No. 25560.

BRASWELL et al. v. COLUMBIA COUNTY DEVELOPMENT CO. et al.

(April 2, 1923. Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Mines and minerals** ⚖78(6)—**After forfeiture of lease, third person could acquire valid lease.**

If oil and gas lease became forfeited by failure to drill or pay rental for extensions within time designated, and right to drill and explore for oil reverted, under forfeiture clause, to lessor, third person could legally acquire valid lease from lessor.

2. **Mines and minerals** ⚖81—**Subsequent lessee only required to ascertain if prior lease kept alive by record owner.**

One purchasing, on faith of public records, a second mineral lease is only required to ascertain if payments necessary to keep prior recorded lease alive have been made by recorded owner, who alone enjoys such privilege so far as third persons are concerned.

3. **Mines and minerals** ⚖81 — **Consideration not shown by recorded lease cannot be proved as against third person relying on public records.**

Where recorded oil and gas lease recited cash consideration, it could not be shown as against persons purchasing subsequent lease on faith of the records that true consideration was obligation to drill wells in the same territory, in view of Civ. Code, arts. 2265, 2266.

4. **Mines and minerals** ⚖81—**Payment by one having no right shown by record held not to extend lease as against third persons.**

Where recorded oil and gas lease restricted right to make payments of rental to extend the lease to the lessee, payment by one who, so far as the records disclosed, was not in privity with lessee or assignee of the lease, did not extend the lease as against purchasers of subsequent lease relying on the records.

5. **Mines and minerals** ⚖81—**Lessees suing to cancel earlier lease held not required to restore stock received by lessor.**

In suit by owners of oil and gas lease to cancel earlier lease for want of consideration, they were not required, as condition precedent, to restore stock paid the lessor as consideration for a still earlier unrecorded lease to defendant, where none of the stock was delivered to them, especially when it was apparently worthless.

Appeal from Second Judicial District Court, Parish of Webster; J. E. Reynolds, Judge.

Suit by B. S. Braswell and others against the Columbia County Development Company and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellants.

Julius T. Long and A. M. Pyburn, both of Shreveport, for appellees.

LAND, J. On September 16, 1919, J. T. Haynes executed a mineral lease in favor of the Columbia County Development Company, defendant herein on the W. ½ of N, E. ¼ of section 14, township 23, range 9, in Webster parish. This lease was duly recorded in said parish December 13, 1919.

On March 23, 1922, Haynes executed a top lease in favor of John M. Seip on the N. W. ¼ of the N. W. ¼ of this section.

On March 30, 1922, Seip sold and assigned this lease to B. S. Braswell, and on April 22, 1922, Braswell transferred to Aubry M. Py-

burn and Julius T. Long an undivided one-fourth interest in said lease on said 40-acre tract, in consideration of legal advice given and legal services rendered by them to him.

The present suit was instituted by Braswell, Pyburn, and Long on April 28, 1922, to have the original lease from Haynes to defendant company declared null and void and of no effect, and canceled and erased from the public records, as a cloud upon their title.

Plaintiffs allege that no consideration was paid by defendant company to Haynes for the execution of the original lease, that no operations for the drilling of a well for oil or gas have been begun on said land, and that no rentals or renewal payments for the continuance of said lease have ever been paid to or received by Haynes, owner of said land in fee.

The lease in question contains the following stipulation:

"The parties of the second part (defendant company) further agree that in case operations for either the drilling of a well for oil or gas is not commenced and prosecuted with due diligence within one year from this date, then this grant shall become immediately null and void as to both parties; provided, second parties (defendant company) may prevent such forfeiture from quarter to quarter for three years by paying to the first party the sum of 25 cents per acre until such well is commenced.

"It is further agreed that upon failure of second parties, their heirs, or assigns to pay said sum of —— within thirty days after the expiration of any rental date, this lease shall be and become null and void."

Plaintiffs are third persons and purchased this lease, after ascertaining from Haynes, the common lessor, that the record owner had paid no rentals and had' failed to develop the property for oil or gas.

We said, in the case of Baird v. Atlas Oil Co., 146 La. 1099, 84 South. 369:

"However, the conveyance records are the only thing to which one dealing with real estate or any real right thereon needs to look, under the repeated decisions of this court; and one seeking to acquire a subsequent mineral lease upon property to which the right had been previously conveyed would only have to inquire and inform himself as to the status of the person's claims in whose name the property stood at the time he sought to deal with it."

[1] If this lease became forfeited by the failure to drill within the period therein specified, and by the failure of defendant company to pay the rental for extensions within the limit therein designated, then the right to drill and explore for oil reverted to the original and common lessor or vendor, John T. Haynes, by operation of the forfeiture clause in said lease, and, under such circumstances, a third person could legally acquire from the common lessor a valid lease. Baird v. Atlas Oil Co., 146 La. 1102, 84 South. 366; Murray v. Barnhart, 117 La. 1023, 42 South. 489; Jennings-Heywood Oil Syndicate v Houssiere-Latreille Oil Co., 119 La. 793, 44 South. 481.

[2] A third person purchasing, on the faith of the public records, the second mineral lease on property already incumbered with a prior recorded lease, is only required to ascertain if the recorded owner of the first lease had made payments necessary to keep it alive, as such privilege is alone enjoyed by him, as far as third persons are concerned. Baird v. Atlas Oil Co., 146 La. 1100, 84 South. 366.

[3] The recorded lease from Haynes to defendant company of date September 16, 1919, and which is attacked in this case, recites the payment of a cash consideration of $80 to Haynes, the lessor by defendant company.

The plea of estoppel filed herein by defendant company alleges:

"That while no cash consideration might have been paid for the mineral lease at the time the same was executed, yet in truth and in fact there was a good consideration for said lease in that the Columbia County Development Company obligated itself to drill for oil or gas in said territory and did actually drill two wells, and that such was the true consideration of the contract."

The recorded contract of lease from Haynes to defendant company contains no recital of such a consideration, and therefore, even if it were the true consideration of the contract, it would not be binding upon third persons dealing upon the faith of the public records, as they are bound only by such knowledge as the records disclose, and do not have to look beyond them. Private, unwritten, and unrecorded agreements affecting real estate or a real right are null and void as to third persons. C. C. arts. 2265, 2266. The plea of estoppel itself admits that no cash consideration was paid for the Haynes lease of September 6, 1919. We are satisfied from the testimony in the case that no cash consideration or rentals at all were paid by defendant company for the lease executed by Haynes in its favor on September 16, 1919, and that no wells were drilled by defendant company on any acreage held by it in the vicinity of the land leased herein.

The only pretense of payment of any consideration that appears in the record does not purport to have come from defendant company, the recorded owner of the lease, but from the South Arkansas Oil & Gas Company, a third person. This payment is evidenced by a receipt from said oil and gas company of $75 in stock in full payment, not of the consideration of $80 and the rentals due under the recorded lease from Haynes to defendant company of date September 16, 1919, but of all amounts, including rentals, specified in the lease executed by Haynes to defendant company on April 1, 1919, on the land in question. This lease was never recorded at any time, but was destroyed by a representative of defendant company, because it was deemed defective by said representative, as it had been signed by J. T. Haynes and his signature also acknowledged by him as notary public.

The consideration of the Haynes lease of April 1, 1919, was $1, which was paid, and rental renewals for 3 years at 25 cents per acre, amounting to $60; while the consideration of the Haynes lease of September 16, 1919, is stated as $80 cash, and rental renewals for 3 years at 25 cents per acre, amounting to the additional sum of $60, or a total of $140.

Strenuous efforts were made to prove by defendant company's representative that the Haynes lease of September 16, 1919, was taken in lieu of the destroyed lease of April 1, 1919. This is denied by Haynes, whose testimony is clear to the effect that the lease of September 16, 1919, was executed by him as an entirely new lease, and that nothing was ever paid under this lease to him by defendant company. The receipt of the South Arkansas Oil & Gas Company, offered in evidence by defendant company, furnishes ample corroboration of Haynes' testimony, as well as the disparity in the consideration of the April lease and the September lease.

[4] Even had the South Arkansas Oil & Gas Company, a third person, paid to Haynes the entire consideration and the entire rental for three years under the September lease of 1919, executed by Haynes in favor of defendant company, such payment would not have operated as against plaintiffs, third persons, purchasing this lease upon the faith of the public records, as an extension of such lease for the benefit of respondent company, as the public records disclose no privity of contract, or assignment of interest in this lease, between the South Arkansas Oil & Gas Company and defendant company, the record owner of such lease, or from the latter to the former company, and as the right to exercise such option is one of covenant and is restricted by the lessor under the recorded contract of lease solely to defendant company. Baird v. Atlas Oil Co., 146 La. 1001, 84 South. 366. Nor is there any connection between said companies alleged in the answer of defendant company.

No consideration or rentals having been paid, and no operations for the development

of this property having been commenced by defendant company, the owner of record, we conclude that this lease was properly annulled by the lower court, and ordered canceled and erased from the public records.

[5] We have grave doubt as to the value of the stock received by Haynes as a consideration for the lease of April, 1919, to defendant company. It is apparently worthless. If said stock has any value at all, it is purely of a contingent and speculative character.

The plaintiffs own none of this stock, and Haynes is not a party to this suit, having disposed of his entire interest in the lease in controversy prior to this litigation. Plaintiffs, as third persons purchasing upon the faith of the public records, are not bound by any payment in stock made to Haynes by the South Arkansas Oil & Gas Company, as a consideration for the lease of April 1, 1919, which was never recorded and which was destroyed, and none of said stock was delivered to them; therefore, they are not required to tender such stock in this case as a condition precedent to the rescission of the lease herein attacked and annulled.

The judgment appealed from is therefore affirmed, at the cost of the defendant company, appellant.

O'NIELL, C. J., concurs in the result.
ST. PAUL, J., concurs in the decree.