No. 3528

Second Circuit

LE ROSEN v. NORTH CENTRAL TEXAS OIL CO., INC.

(July 1, 1929. Opinion and Decree.)
(January 6, 1930. Affirmed by Supreme Court on Writ of Certiorari and Review.)

Blanchard, Goldstein & Walker, of Shreveport, attorneys for plaintiff, appellee.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Defendant, North Central Texas Oil Company, Inc., appeals from a judgment in favor of plaintiff, Arthur A. Le Rosen, holding that a certain mineral lease granted by Le Rosen to A. D. Mading, and by the latter assigned to defendant, had expired and to be without further force and effect.

The facts and issues are admittedly as stated in the opinion of the trial court, which reads, in part, as follows:

"On December 21, 1925, plaintiff, whose wife's name is Louise Le Doux, executed an oil and gas lease in favor of A. D. Mading. This lease was assigned to the defendant herein. The lease, which, under our law, is plainly nothing more than an option, to explore for oil and gas, or what is termed in some states an 'unless lease', contains the following provisions.

" 'If no well be commenced on said land on or before the 21st day of December, 1926, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the American National Bank at Shreveport, Louisiana, the sum of forty ($40.00) dollars, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve (12) months from said date.'

"No well was drilled on said land prior to the one-year option period, but on November 27, 1926, the defendant deposited in the American National Bank of Shreveport the sum of forty ($40.00) dollars to the joint credit of plaintiff and his wife, Louise Le Doux, and about November 23, 1926, the defendant mailed the plaintiff a notice to the effect that such deposit had been made to the credit of plaintiff and his wife and the bank likewise gave him such notice.

"On February 23, 1927, the plaintiff instituted the present action to cancel the said lease for non-payment of the rental.

"The defendant admits the facts, but alleges that the said lease contract was executed by plaintiff for and on behalf of the community, and that the stipulation for the payment of rental was an obligation in favor of the community, and that the said deposit was correctly made. They further make the defence that if the said deposit was not correctly made then the plaintiff had ample opportunity to inform the defendant, and the plaintiff is therefore estopped from claiming cancellation for non-payment."

Appellant does not urge that the ruling of the court that the contract was nothing more than a mere option or an "unless lease," as to extension of which plaintiff was not in a position to do anything nor prevent the doing of anything which would affect the extension of the option, and is to be construed strictly against the lessee (Eastern Oil Co. vs. Smith, 80 Okl. 207, 195 P. 773; Rives vs. Gulf Refining Co., 133 La. 178, 62 So. 623; Braswell vs. Columbia County Development Co., 153 La. 691, 96 So. 534; Harter et al. vs. Edwards, 108 Kan. 346, 195 P. 607), and that it was essential that the rental should be paid to the lessor or deposited to his credit on or before the date named to prevent the expiration of the option, but it urges only that the court erred in holding that the deposit as made, to the joint credit of plaintiff and his wife, was not a compliance with the stipulation for the extension of the option, and in refusing to sustain the plea of estoppel.

It is admitted that the land, which defendant had obtained the right to explore for oil and gas, was community property, and, in support of the position that the deposit made to the joint credit of the husband and wife had extended the option, it is urged that the community was the lessor and that the deposit was properly made, that the husband was vested with the exclusive control of the deposit, and that the deposit was thus in strict and legal compliance with the stipulation.

It is not suggested that the husband and wife were joint lessors, or that the payment of the rental could have been made to the wife; and, in view of the law which vests the exclusive control of the community property in the husband (article 2404, Civil Code), the suggestion that the community was the lessor is not made with any idea that the payment of the rental

could have been made to the wife, or that a deposit made to her credit alone would have been in compliance with the stipulation for the deposit to be made to the credit of the husband, but rather that the rental being community property, and the husband having exclusive control of the community property, the deposit of funds belonging to the community to the joint credit of the husband and wife vested the exclusive control in the husband.

Ordinarily, where a deposit is made by a third person to the joint credit of several persons, the depositary must account to each of them and cannot be relieved of the obligation by showing that he accounted to one of the persons in whose name the deposit was made (article 2949, Civil Code; article 1937, Code Napoleon; Huc. vol. 11, p. 314, sec. 244), and, conceding that defendant was attempting to comply with the stipulation and not to deal with the wife as a party to the contract, the question is whether or not the deposit to the joint credit of the husband and wife vested the exclusive control of the deposit in the husband.

The bank or depositary was not a party to the contract and could not have been advised of whether or not the property covered by the contract was community property, and we do not think the depositary could have presumed that the property leased was community property, and that the rental belonged to the community and was under the exclusive control of the husband, and, unless it can be said that the mere fact of the deposit having been made to the joint credit of the plaintiff, A. A. Le Rosen, and his wife, Louise Le Doux Le Rosen, vested the exclusive control of the deposit in the husband, we do not think the deposit could be said to have been in compliance with the stipulation.

The depositary having accepted the deposit from defendant for the joint account of the husband and wife, it could not be said to have been obligated to account to the husband alone, and we think it follows that the deposit was not under the exclusive control of the husband, and that the deposit did not have the effect of extending the option.

As to the plea of estoppel, there was not anything in the written contract which could have led the defendant to believe that the deposit could be made other than as stipulated, and the evidence does not indicate that plaintiff did anything which could have suggested that a deposit to the joint credit of himself and wife would be acceptable, and the estoppel pleaded being based solely on plaintiff's silence or inaction, and, there not being any legal duty imposed upon plaintiff to advise defendant, who was well aware of the conditions under which the option could be extended, we do not think plaintiff was estopped by his silence or inaction, and the plea of estoppel was properly overruled.

The judgment is affirmed.