**PAN AMERICAN PRODUCTION CO. v. UNITED LANDS CO., Inc.**

**No. 8727.**

Circuit Court of Appeals, Fifth Circuit.

April 16, 1938.

Rehearing Denied May 4, 1938.

Lloyd J. Cobb and Morris Wright, both of New Orleans, La., for appellant.

John D. Miller, of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Pan American Production Company, a Delaware corporation, was the final transferee from Gulf Refining Company of Louisiana, apparently a Louisiana corporation, of what is popularly called an oil lease on certain lands in Louisiana. Producing oil wells were secured under it by the predecessors of Pan American and are still producing. Several unsuccessful wells have since been sunk by Pan American. The landowner, United Lands Company, a corporation of Louisiana, contends that proper development of the land requires further well drilling and threatens to terminate the "lease" if it is not done, while Pan American contends that further drilling is not justified by any prospect of success. A definite controversy has thus arisen which involves the possible loss by Pan American of its rights. Pan American thereupon brought in the District Court of the United States its bill against the landowner for a declaratory judgment establishing their respective rights and obligations, and for injunction against terminating the lease and operations under it; federal jurisdiction resting on diversity of citizenship. The bill was dismissed for want thereof on the ground that the suit was on an assigned chose in action, and there was not diversity of citizenship between the original parties to the chose. Pan American Production Company appeals.

The statute involved, 28 U.S.C.A. § 41 (1), so far as material, is: "No district court shall have cognizance of any suit * * * to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made." We do not think this is a suit to recover upon a chose in action. The phrase "chose in action" is the antithesis of chose in possession, 11 C.J. p. 759, and refers to a right to money or other personal property which is not in hand and can be reached and enjoyed only by an action. It is sometimes applied to the paper evidencing the right, as a note, bond, stock certificate or executory contract. Webster's International Dictionary. The plaintiff here is not seeking to recover anything, but only to protect what he has. He is in possession. If his right is a chose, it is a chose in possession. He is trying to protect property in his possession and enjoyment, and not to recover upon a chose in action. What he has, we think, is a vested right in realty. The instrument which granted it says in part: "United Lands Company * * * grants to Gulf Refining Company of Louisiana * * * the exclusive right to explore the land herein described for mineral indications, to drill and mine thereupon for oil, gas, sulphur and other minerals, and to produce and appropriate any or all of the same therefrom * * * during the term and subject to the conditions hereinafter stated. * * * After discovery of any mineral in paying quantities on the land the Company may maintain its right in effect for so long as it pleases by proceeding with reasonable diligence to develop the land. * * * Grantor shall be enti-

tled to the following royalties: one-eighth of the oil produced and saved, etc. * * * The use of the surface of the land is granted only for the purposes hereof. * * * All provisions hereof shall extend to and bind the successors and assigns of the parties hereto respectively. * * * Grantor acknowledges receipt of $20,758.75 paid by the Company as the full and adequate consideration for every right herein granted." The instrument was executed and acknowledged as a deed, and recorded in the Book of Conveyances. Oil has been discovered and is being produced in paying quantities. We think there can be no doubt that the grantee and its successors and assigns have a vested right in this grant of the limited use of the surface of the land and of the right to extract minerals from it. Although under the law of Louisiana no title passes thereby to any fugitive substance such as oil or gas until the same be captured and produced, the right to capture them if granted, as distinguished from a mere letting or hiring, passes a real right, a servitude, but if there is a mere letting or hiring, that is to say a lease, no right in the land which can be asserted in a petitory action passes. Gulf Refining Co. v. Glassell, 186 La. 190, 171 So. 846. This instrument purports to be a grant on condition rather than a letting or hiring. There are no words of lease and no term fixed, but the right granted, if not defeated by a breach of condition, continues indefinitely. But if it be considered a lease, we find it declared in the Civil Code of Louisiana, art. 2015, "Not only servitudes, but leases and all other rights, which the owner had imposed on his land before the alienation of the soil, form real obligations which accompany it," etc. In State ex rel. Jennings-Heywood Oil Syndicate v. DeBaillon, 113 La. 572, 37 So. 481, 483, it is declared that this article of the Code in speaking of a real obligation affirms that a lease gives rise to something more than a personal relation, and establishes "a relation between the lessee and the property itself, entitling him to hold [it] against the whole world, to the same extent the lessor might have done." That suit was one by the vendee of the lessor against a lessee in possession but who had not yet discovered oil. A contention there, as it is here, was that: "The only right which the Jennings-Heywood Syndicate [the lessee] can or does claim under its oil or mineral lease is that of establishing works upon the land for the purpose of taking the oil and of appropriating it after it is extracted; that this right is not one of ownership, and does not give rise to a privilege upon either the land or the oil; that, if it be conceded that the Houssiere-Latreille Company [the lessor's vendee] is violating the oil mineral lease, such breach of contract can only give rise to an action in damages." The court, after thus stating the contention, said: "The fallacy of this argument lies in the erroneous assumption that the client of counsel [the lessor's vendee] is in possession, and the Jennings-Heywood Syndicate out of possession, whereas the fact is that the question of possession is yet undetermined between the parties. As yet nothing shows that the Jennings-Heywood Syndicate is not a lessee in possession resisting the attempt of the lessor to oust the possession by means of an injunction. As a matter of course, the lessee may maintain his possession as well against his lessor as against any other person; and the transferee of the lessor by a transfer made after the registry of the lease stands in no better position than the lessor." A lessee in possession thus may defend his possession against the world, including his lessor, although under the Glassell Case if out of possession he might have difficulty in recovering it. The Glassell Case asserts that a lease to capture oil and gas is like an agricultural lease to raise crops. But if the owner of undeveloped land should grant to another the right to clear and drain it and to ascertain what valuable crops it would produce and then to raise them, paying one-eighth as rent, so long as cultivation is diligently pursued; if the grantee at great expense improved the land and was in possession producing valuable crops, we cannot doubt he would have a right to maintain his possession. Although the lessee has an option to abandon his lease in whole or in part, as Pan American has, its nature or validity is not altered. Guffey v. Smith, 237 U.S. 101, 35 S.Ct. 526, 59 L.Ed. 856. That these so-called mineral leases in Louisiana are treated as muniments of title to interests in land, registered as such and giving by consequence notice to subsequent purchasers and a priority over them, is further apparent from such recent cases as English v. Blackman, La.Sup., 179 So. 306; Braswell v. Columbia County Development Co., 153 La. 691, 96 So. 534, and Baird v. Atlas Oil Co., 146 La. 1091, 84 So. 366. That they are not choses in action in Oklahoma within the

meaning of the statute under discussion was held in Aggers v. Shaffer, 8 Cir., 256 F. 648. The present contention is governed by Brown v. Fletcher, 235 U.S. 589, 35 S.Ct. 154, 59 L.Ed. 374, more nearly than by Realty Holding Co. v. Donaldson, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014. We hold that in Louisiana the assignee of one in possession after discovery of minerals who seeks to protect his possession or quiet his title is not suing to recover on a chose in action. The District Court has jurisdiction in this case and should proceed accordingly.

Judgment reversed.